United States Courts
Southern District of Texas
FILED

MAR 23 2020

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
~~HOUSTON~~ Galveston DIVISION

JONATHAN MITCHELL §
    Pro Se/Petitioner §
§
VS. § CIVIL ACTION NO. _____
§
LORIE DAVIS, DIRECTOR §
TEXAS DEPT. CRIMINAL JUSTICE §
CORRECTIONAL INSTITUTIONAL DIV. §
    Respondent §

PETITION FOR FEDERAL WRIT OF
HABEAS CORPUS 28 USC §§2241(a), 2241(c)(b)

TO THE HONORABLE JUSTICE OF SAID COURT:

COMES NOW Jonathan Mitchell pro se Petitioner, herein styled Petitioner in the above numbered and styled civil action.

Petitioner hereby move this Court to [i]ssue Federal Writ of Habeas Corpus pursuant to 28 USC §§2241(a), thereby providing this Court with [e]xclusive power to [i]ssue Writ of Habeas Corpus; and 2241(c)(b), [a]uthorizing issuance for one "in custody" in violation of the United States Constitution, and Federal Law 28 USC § 2241(c)(b). In support of request for federal habeas relief, Petitioner will show clear and convincing [e]vidence that; his sentence is in violation of the USSG United States Sentencing Guidelines §4A1.2(e)(1), 4A1.2(e)(3); that his sentence is [i]llegal, violating both, the United States and Texas Constitution; that Respondent [do not] have lawful custody of Petitioner; that Respondent [can not] contiue to physically imprison Petitioner in [a]ny manner;

1.

and, that Petitioner will continue to be [i]rreparably injured without immediate relief from this Court, to wit;

## PRELIMINARY STATEMENT

Federal Habeas Corpus is the proper remedy for one "in custody" see 28 USC §2241(d)(2000); see also, Spencer v. Kemna, 523 US 1, 5 (1998) to test the [l]egalty of that custody. Arias v. Rogers, 676 F.2d 1139, 1142, [r]egardless of whether ['final judgment'] has been rendered, and [r]egardless of the case status. Dickerson v. Louisiana, 816 F.2d 220, 224(5th Cir.) cert. denied. 484 US 956; 108 S.Ct. 352(1997); US v. Tootle, 65 F.3d at 383. Furthermore, it has long been held, that challenges to an [i]ndividuals [c]ustody can on[ly] be brought under the traditional habeas provision(s). In Re Keeler, Dist. Court, D. Arkansas; 1843 US Dist. Lexis 48; 14 F. Cas 173; In Re Martin, Cir. Court; S.D. New York, 1866 US App. Lexis 325; 16 F. Cas. 875; In Re McDonald, Dist. Court; E.D. Missouri; 1861 US Dist. Lexis 69; 16 F. Cas. 17; United States ex rel. Standing Bear v. Crook, Cir Court; D. Nebraska, 1879 US App. Lexis 1667; 25 F. Cas. 695; see, Rasul v. Bush, 215 F.Supp.2d 55(D.C. Cir. 2002) at 62; see also, Rasul v. Bush, 542 US 466; 124 S.Ct. 2686; Chatman-Bey¯v. Thornbuagh, 864 F.2d 804, 807(D.C.1988)(en banc) (habeas is... a fundamental safegard [a]gainst [u]nlawful custody).

Also, both Circuit and District Courts, [a]gree that, petitions brought pursuant to 28 USC §2241, may be brought as well, pursuant to [a] [S]tate [Court] 'judgment'. See In Re Keeler, 1843 US Dist.

2.⁻.

Lexis 48; 14 F. Cas 173; United States ex rel. Standing Bear v. Crook, 1879 US App. Lexis 1667; 25 F. Cas. 695; In Re Martin, 1866 US App. Lexis 325; 16 F. Cas 875; In Re McDonald, 1861 US Dist. Lexis 69; F. Cas 17; application of Lyda, N. D. Cal. 1975, 154 F. Supp. 237; see also, Note 3, cited as US v. Sanchez, 258 F.Supp.2d at 655, Fed. Crim. Code and Rules, 28 USC §2241(c)(2).

Nontheless, District Courts has held, and agreed, that (though there's no statute to the contrary) Federal habeas corpus is the proper federal remedy to test the [e]xecution of a sentence.  See Ex Parte Watkins, 3 pet. [28 US]; 201; Story v. Collins, 920 F.2d 1247(5th Cir.); Leatherwood v. Allbaugh, 861 F.3d 1034; 2017 US. App. Lexis 11399, see also, 63 F.3d 333; 37 F.3d 175; 835 F.2d 185; 280 F.2d 592.

Finally, Petitioner request that the Court liberately construe his application for federal writ of habeas corpus, to proceed as an application for federal relief pursuant to 28 USC §2241(c)(3).  Hughes v. Rowe, 499 US 5, 10; 101 S.Ct. 176.


## AUTHORITY

The Courts [a]uthority to issue Federal Habeas Corpus, is [e]xpress[ly] confirmed in the "All Writ Act" pursuant to Fed Civ. Jud. Proc. Rules, 28 USC §§1651(A); 2241(a).

## JURISDICTION

Jurisdiction is conferred pursuant to 28 USC §2241(d) whereas, Petitioner was convicted within this Court's jurisdiction of Brazos County, Texas.

## ISSUE FOR REVIEW

Violation of the United States Federal Sentencing Guidelines USSG §§4A1.2(e)(1), 4A1.2(e)(3); violation of Rule II Governing Guilty Pleas.

## BRIEF SUMMARY OF PROCEEDINGS

Petitioner was charged by indictment (see Exhibit(A)) with Evading Arrest with a motor vehicle, see (Exhibit(B)). A third degree felony, id. Petitioner plead guilty to 12 yeard TDCJ, and plead true to enhancement(s) for habitual offender, see (Exhibit A).

## CONSTITUTIONAL CHALLENGES

### (GROUND ONE)

Sentencing Violation; USSG §§4A1.2(e)(1), 4A1.2(e)(3):

Petitioner first contention is that the sentencing Court committed plain error when it improperly considered the 1995 conviction for Manufacture/Delivery of a Controlled Substance to [e]nhance, because the 1995 conviction, in calculating Petitioner's criminal history, were both outside both §§4A1.2(e)(1) and 4A1.2(e)(2) time periods. See (Exhibit(A)).

4.

## (GROUND TWO)

Violation of Rule II Governing Guilty Pleas:

1) Petitioner alleges the following contentions, the sentencing Co-
   urt failed to properly advise him personally of [a]ny of the
   penalties he would face, either Child Endangerment, or Evading
   Arrest by pleading guilty, see (Exhibit A).

2) The sentencing Court [a]llowed him to accept a plea agreement
   [containing] a [r]ecommended sentence the Court could not legal-
   ly impose.  See (Exhibit(s) A and B).

3) The sentencing Court failed to advise him that he [c]ould face
   a term of supervised, and the effects thereof.

4) Moreover, the Court [did not] advise Petitioner properly of the
   mandatory nor minimum sentence of Evading Arrest with a vehicle.

5) Nor did the sentencing Court advise Petitioner of entitlement
   to lesser-included offense.

## ARGUMENT(S) AND SUPPORTING AUTHORITIES

Rule II Violation(s), Fed. R. Crim. P. II(c)(1):

   Petitioner was made to believe that he could receive [n]othing

less than 25 years as a habitual offender, see (Exhibit A).  Rule

II provides that, [b]efore [a]ccept[ing] a guilty plea, the [t]rial

Court [must] address the Defendant/Petitioner in open Court [a]nd

determine that the Defendant/Petitioner [u]nderstands the [n]ature

of the charge to which the plea is offered.  Fed.R. Crim.P. 11(c)

(1), see US v. Suarez, 155 F.3d at 524; US v. Padilla, 23 F.3d at

1221; US v. Fernandez, 205 F.3d at 1024; US v. Gigot, 147 F.3d at 1197; see also, Wilkins v. Bowersox, 145 F.3d at 1015.

Furthermore, Rule II provide that Petitioner be [m]ade aware of the [m]andatory [m]inimum penalty provided by law for Evading Arrest (w vehicle 38.04) Gigot, 147 F.3d at 1199, Rule II(c). Nontheless, failure to [i]nform Petitioner about [a]pplicable minimum can be a [s]erious oversight. See Padilla, 23 F.3d at 1222; Fernandez, 205 F.3d 1024; Gigot, 147 F.3d at 1197. Also, just because a defendant [s]ays he's entering a guilty plea [v]oluntarily does [not] [e]stablish [d]efinitive[ly] that his plea was in fact valid. (Citing) Von Moltke, 332 F.3d at 724, like Petitioner Carthy, 394 at 466; Gonzalez v. Grammer, 848 F.2d 894, 900. Nothing in the proceeding could establish that Petitioner [p]ossessed the [r]equired [u]nderstanding of the [l]aw, in relation to the facts, of the crime/offense. In light of this evidence, a substantial right has been violated, if the Petitioner's knowledge and [c]omprehension of the full and [c]orrect in formation would have been like[ly] to [a]ffect his willingness to plead guilty. US v. Johnson, 1 F.3d at 302. The Court must find that the guilty plea was not a [k]nowing, imtelligent, and voluntary choice among the alternative course(sO of action open to the Petitioner. North Carolina v. Alford, 400 US 25, 31; 91 S.Ct. 160(1970); and that his [l]ack of understanding of the law, rendered his plea void, and violates due process. US v. Ranch, 709 F.2d 889, 8894 N.7(5th Cir.).

## UNITED STATES SENTENCING GUIDELINE VIOLATION
## USSG §§4A1.2(e)(1), 4A1.2(e)(3)

As the Court clarified in, US v. Arnold, 213 F.3d at 895. Under subsection (1) "[a]ny prior sentence of imprisonment [e]xceeding one year and one month that was [i]mposed with[in] 'fifteen' year(s) of the Petitioner's commencement of the [i]nstant offense is counted §4A1.2(e)(1), id at 895. Similary, subsection (2) provides that "[a]ny other prior sentence that was [i]mposed with[in] [ten] years of the Defendant/Petitioner's commencement of the [i]nstant offense is counted," §4A1.2(e)(2) id at 895. Nontheless, the counting of the 1995 prior conviction, see (Exhibit A) was improperly included because it was outside both time periods, Under subsection (3) of the USSG §4A1.2(e)(3), it provides that, [a]ny prior sentence not with[in] the time periods [s]pecified £in subsection(s) 1, and 2) 'are not' counted. USSG §4A1.2(e)(3). Arnold, 213 F.3d at 895, see also, US v. Gilcrist, 106 F.3d 297(9th Cir. 1997); US v. Wallace, 32 F.3d 1171, 1174(7th Cir.); US v. Arviso, 442 F.3d at 385. In conclusion, because the sentencing Court sentence Petitioner under the wrong guideline range, the Court committed plain error. As previou Courts have held, [a] plain error [is not] on[ly] clear error, but error likely to have made a difference in the 'judgmen', failure to [c]orrect it could result in a [miscarriage] of justice, that is on the imposition of an erroneous sentence, US v. Newman, 965 F.2d 206, 213(7th Cir.) cert. denied, _____ US _____, 113 S.Ct. 470(1992).

7.

Wherefore, Premises Considered, and the due process, and the due course of law provision(s) of both, the United States and Texas Constitution, Petitioner submit this prayer.  That an evidentiary hearing is granted; that judgment will be entered, directing the Court to forthwith award the writ of habeas corpue pursuant to § 2241(c)(3); finding from the pleading, evidence, and authorities herein cited, that comity and federalism would be best served by offering Petitioner's conviction vacating his sentence, and remand his case to the convicting Court for resentencing that is consistent with the above cited authorities, and the (USSG) United States Sentencing Guidelines.

Executed on this the _16th_ day of _March_, 2019.


I, Jonathan Mitchell do hereby declare under penalty of perjury that the foregoing is true and correct according to my understanding.


/S/ _Jonathan Mitchell_


8.

## CERTIFICATE OF SERVICE

I, Jonathan Mitchell do declare that a true copy of the foregoing document styled Application for Federal Writ of Habeas Corpus, § 2241(c)(3), accompanied with (2) two Exhibit(s) (A) and (B), postage prepaid, certified was placed in the prison mail-box, and addressed too:

United States District Court
Southern District of Texas
P. O. Box ~~61010~~ 2300
~~Houston~~, Texas ~~77208~~ 77553
Galveston,

/s/ _Jonathan Mitchell_

9.